UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA ELLIOTT,

    Plaintiff,

v.

Case No: 2:16-cv-788-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

# OPINION AND ORDER

Plaintiff Debra Elliott seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.[1]

## I. Issues on Appeal[2]

Plaintiff raises three issues on appeal: (1) whether substantial evidence supports the Administrative Law Judge's ("ALJ") findings regarding Plaintiff's

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 24, 25.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

residual functional capacity ("RFC"); (2) whether the ALJ properly evaluated the opinion of a treating physician; and (3) whether substantial evidence supports the ALJ's assessment of Plaintiff's credibility.

## II. Summary of the ALJ's Decision

On June 22, 2006, Plaintiff filed applications for DIB and SSI, alleging her disability began February 1, 2006 due to depression, anxiety, bulimia, and back, neck, hip and knee problems.[3] Tr. 104, 108. The decision before the Court is the June 26, 2015 decision issued by ALJ Maria C. Northington, finding Plaintiff not disabled from February 1, 2006, the alleged onset date, through the date of the decision. Tr. 800-15. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009 and has not engaged in substantial gainful activity from February 1, 2006, the alleged onset date. Tr. 802. Although the ALJ found that Plaintiff has several severe impairments, she concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 802-03. The ALJ then determined that

---

[3] On May 19, 2009, ALJ Irwin Bernstein issued a decision finding Plaintiff not disabled. Tr. 13-21. United States Magistrate Judge Douglas N. Frazier reversed ALJ Bernstein's decision and remanded this case to the Commissioner on May 24, 2010. Tr. 635-37. On October 28, 2011, ALJ Larry J. Butler issued a second decision finding Plaintiff not disabled. Tr. 595-603. On September 6, 2013, United States District Judge Sheri Polster Chappell accepted and adopted Judge Frazier's Report and Recommendation recommending reversal of ALJ Butler's decision and reversed in part the decision and remanded this case to the Commissioner for the sole issue of having the Commissioner develop the record and set forth factual findings as to the demands of Plaintiff's past relevant work as a clerical worker and her ability to perform her past relevant work with her limitations as founded by the ALJ. Tr. 945-78. Plaintiff does not challenge this issue on appeal. Doc. 21.

Plaintiff has the RFC to perform light work[4] with certain limitations. Tr. 803. Next, the ALJ found that Plaintiff is capable of performing her past relevant work as a receptionist. Tr. 812. Alternatively, the ALJ found there are other jobs existing in the national economy Plaintiff can perform. Tr. 813.

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[5] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do

---

[4] The regulations define light work as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

[5] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, — F.3d —, 2017 WL 5077522, at *4 (11th Cir. 2017); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

### IV. Discussion

#### a. *Whether substantial evidence supports the ALJ's findings regarding Plaintiff's RFC*

The ALJ found Plaintiff has the RFC to perform light work with, among other limitations, that "[s]econdary to mental impairments, [Plaintiff] retains the capacity

to understand, remember and carry-out at least SVP 3-4[6] instructions and perform SVP 3-4 tasks as consistent with semi-skilled work." Tr. 805.

Plaintiff argues although the ALJ found Plaintiff's anxiety, depression and marijuana use to be severe impairments, the ALJ's RFC findings do not sufficiently account for limitations caused by her severe mental impairments, including her moderate limitations in concentration, persistence or pace. Doc. 21 at 10-12. Plaintiff also asserts the ALJ erroneously determined what she could perform "at least," instead of what she can perform "most." *Id.* at 11-12. The Commissioner responds the ALJ sufficiently accounted for Plaintiff's functional limitations in assessing her RFC and posing a hypothetical question to the vocational expert ("VE"). Doc. 28 at 14-16.

The Court finds, contrary to Plaintiff's argument, the ALJ sufficiently accounted for the limitations caused by her mental impairments. *Cf.* Doc. 21 at 10-12. After the ALJ found Plaintiff's anxiety, depression and marijuana use to be severe impairments, the ALJ considered four broad functional areas known as the "paragraph B" criteria.[7] Tr. 803-04. The ALJ first discussed the psychological evaluations performed by J.L. Bernard, J.D., Ph.D., on February 15, 2006 and October 17, 2006. Tr. 289-91, 317-19, 803-04. Dr. Bernard found Plaintiff's thought processes were rational, clear and logical, or good for the most part, and her

---

[6] Using the skill level definitions for specific vocational preparation ("SVP") time in 20 CFR §§ 404.1568 and 416.968, semi-skilled work corresponds to an SVP of 3-4. SSR 00–4p, 2000 WL 1898704 at *3 (Dec. 4, 2000).

[7] 20 C.F.R., Part 404, Subpart P. Appendix 1.

thought content was not remarkable. Tr. 290, 318. He also opined her mood was stable and appropriate, and her insight, judgment and intellectual level were average. Tr. 290, 318. Dr. Bernard further opined Plaintiff was well-oriented for time and place and could handle finances. Tr. 290-91, 319.

The ALJ also examined the function reports completed by Plaintiff and her mother in August 2006. Tr. 114-29, 804. Plaintiff and her mother reported Plaintiff prepares meals and does housework daily and goes shopping independently. Tr. 116-17, 124-25. They also indicated Plaintiff is able to go out alone, drive a car, pay bills, count change, handle a savings account and use a checkbook or money orders. Tr. 117, 125. Based on the reports, the ALJ found Plaintiff "has no problems taking care of her own personal needs," and also "takes care of the personal needs of her children and her pets." Tr. 804. The ALJ further noted Plaintiff has "no psychiatric, psychological or mental health treatment records." *Id.* The ALJ determined Plaintiff has no restrictions in activities of daily living. *Id.*

Next, the ALJ determined Plaintiff has mild difficulties in social functioning and moderate difficulties in the area of concentration, persistence or pace, and has experienced no episodes of decompensation of an extended duration. *Id.* The ALJ then concluded that her RFC assessment "reflects the degree of limitation [she] has found in the 'paragraph B' mental function analysis." Tr. 805. Accordingly, the Court's review of the record reveals that contrary to Plaintiff's argument, the ALJ sufficiently considered and assessed Plaintiff's functional limitations caused by her mental impairments. Tr. 803-05.

Plaintiff further argues the ALJ erred by determining that Plaintiff has "the capacity to understand, remember and carry-out at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work," although she found Plaintiff has moderate difficulties in concentration, persistence and pace. Doc. 21 at 10-11. Plaintiff asserts this error led to the ALJ's erroneous conclusion that Plaintiff could perform her past relevant work. *Id.* at 11-12.

The Court finds Plaintiff's argument is without merit. Although the ALJ here found Plaintiff could perform her past relevant work as a receptionist, she also assessed and determined there are other jobs existing in the national economy Plaintiff could perform. Tr. 812-14. The ALJ proceeded to step five, assuming that Plaintiff could not perform her past relevant work. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); 20 C.F.R. § 404.1566. When a claimant, as assumed here, cannot perform the full range of work at a given exertional level or has non-exertional impairments that significantly limit her basic work skills, an ALJ may rely solely on the testimony of a VE. *Jones*, 190 F.3d at 1229; *Foote*, 67 F.3d at 1559; 20 C.F.R. § 404.1566. A VE's testimony will constitute substantial evidence if the ALJ's hypothetical question includes all of a claimant's functional limitations. *Jones*, 190 F.3d at 1229.

Here, in making her step-five findings, the ALJ consulted a VE during the hearing and relied on the VE's testimony. Tr. 858-67. The ALJ posed a hypothetical question to the VE, which comprised all of Plaintiff's RFC and additional

limitations to unskilled work with the abilities to understand, remember and carry out simple instructions and perform simple, routine tasks:

> ALJ: Are there other jobs that exist in the state of Florida and the national economy that such a hypothetical person [with Plaintiff's RFC] could perform [with additional limitations to] *unskilled work meaning that the person could understand, remember and carry out simple instructions and perform simple routine tasks consistent with unskilled work* [?] . . . I would be looking at two [jobs] at light and two [jobs] at sedentary.
>
> . . .
>
> All right, so I'll keep it at [] frequent[, occasional and gross manipulations] and no constant [fine bilateral manipulations with bilateral upper extremities]. Are there two [jobs at] light and two [jobs at] sedentary with [alternating between sitting and standing every 30 to 60 minutes] using hypos one and two but limiting it to unskilled work[?]
>
> . . .
>
> VE: Your Honor, I have a mail room clerk, non-postal with a DOT code 209.687-026, strength required for this job is light and the skill level is 2. In the US economy there are over 100,000 types of this job and in the state of Florida there are over 2,500 types of this job. Your Honor, I also have a merchandise marker DOT code 209.587-034, strength required to do these jobs is light and the SVP is 2. In the US economy there are over 300,000 types of this job and in the state of Florida there are over 5,000 types of this job. . . .
>
> ALJ: Is there any sedentary, unskilled [job with limitations of alternating between sitting and standing every 30 to 60 minutes and having] no constant fine [bilateral manipulations with bilateral upper extremities]?
>
> VE: Yes, Your Honor. Your Honor, I have a charge account clerk.
>
> ALJ: Charge account clerk?
>
> VE: Yes, Your Honor, with a DOT code 205.367-014, strength required to do this job sedentary and the skill level is 2. In the US economy there are over 200,000 types of these jobs and in the state of Florida there are

> over 2,000 types of this job. Your Honor, I also have a ticket checker, DOT code 219.587-010, strength required for this job is sedentary and the SVP is 2. In the US economy there are over 300,000 type of this job and in the state of Florida there are over 5,000 type of this job. Your Honor, those are also two random sampling of sedentary types of job. . . .

Tr. 860-62 (emphasis added).

The Court first finds the ALJ's limiting the hypothetical to unskilled work sufficiently accounted for Plaintiff's moderate limitations in concentration, persistence and pace given Plaintiff's unremarkable reports of daily activities and scarce treatment records and Dr. Bernard's evaluations. Tr. 116-17, 124-25, 289-91, 317-19, 803-04. The Eleventh Circuit has held, "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011) (citations omitted); *see Hurst v. Comm'r of Soc. Sec.*, 522 F. App'x 522, 525 (11th Cir. 2013) (citing *Winschel*, 631 F.3d at 1180); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876-77 (11th Cir. 2012); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 872 n.1 (11th Cir. 2011).

The Court also finds the VE's testimony constitutes substantial evidence. During the hearing, the VE identified two jobs at the light work level and two additional jobs at the sedentary level that a hypothetical person with Plaintiff's RFC and additional functional limitations, such as alternating between sitting and

standing, could perform. Tr. 860-62. Accordingly, the ALJ discussed in her decision:

> The undersigned notes that even when hypotheticals were posed to the [VE] regarding additional restrictions such as stand and/or walk for four hours in an eight-hour workday, there were still a significant number of jobs in existence as all sedentary jobs cited would remain to include the receptionist job. When a hypothetical was posed to the [VE] regarding additional restrictions such as stand and/or walk for two hours in an eight-hour workday, there were still a significant number of jobs in existence, as the sedentary jobs cited would remain, as well as, the receptionist job. **It further bears noting that all of the light and sedentary jobs cited accommodate the option to alternate between sitting and standing.** The undersigned stops short of adding these limitations to the determined [RFC]. Moreover, the above-cited unskilled jobs range from sedentary to light and allow for any restrictive limitations that are alleged by [Plaintiff].

Tr. 814 (emphasis in original). Because the ALJ's hypothetical question included all of Plaintiff's functional and additional exertional and non-exertional limitations, the VE's testimony constitutes substantial evidence. *See Jones*, 190 F.3d at 1229. Given the ALJ's hypotheticals and the VE's testimony, the ALJ's error as to Plaintiff's ability perform her past relevant work, if any, was harmless. *See Hunter v. Comm'r of Sco. Sec.,* 609 F. App'x 555, 558 (11th Cir. 2015) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) ("To the extent that an [ALJ] commits an error, the error is harmless if it did not affect the judge's ultimate determination."). Thus, the Court finds substantial evidence supports the ALJ's determination that there are other jobs in the national economy Plaintiff can perform. *See Jones*, 190 F.3d at 1229; Tr. 813-14.

> b. *Whether the ALJ properly evaluated the opinion of a treating physician*

At issue here are the RFC assessments of Plaintiff's treating physician, Fred Liebowitz, M.D., and the state agency medical consultant, Ronald Kline, M.D. Doc. 21 at 12-15. On February 8, 2007, Dr. Kline opined Plaintiff could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for a total of 6 hours in an 8-hour workday, sit with normal breaks for a total of 6 hours in an 8-hour workday and push and/or pull unlimitedly. Tr. 364. Dr. Kline also indicated Plaintiff has no postural, manipulative, visual, communicative or environmental limitations. Tr. 365-67. The ALJ accorded significant weight to this assessment. Tr. 812.

Dr. Liebowitz treated Plaintiff for her cervicalgia, cervical post-laminectomy syndrome, cervical spinal stenosis, cervical spondylosis and lumbago since July 10, 2006. Tr. 394. On January 24, 2008, Dr. Liebowitz completed a physical capacity evaluation form, indicating Plaintiff could not stand or walk at one time in an 8-hour workday, but could stand or walk for a total of 2 hours throughout the day in an 8-hour workday. Tr. 392. He further opined Plaintiff could sit for a total of 1 hour at one time and a total of 4 hours throughout the day in an 8-hour workday. *Id.* Dr. Liebowitz noted Plaintiff could lift up to 10 pounds occasionally and repetitively use hands for simple grasping, pushing, pulling and fine manipulation. *Id.* He also indicated Plaintiff could use feet for repetitive movements as in operating foot controls and reach above the shoulder level, but could not crawl or climb at all and could bend or squat only occasionally. Tr. 393.

The ALJ refuted this opinion:

> I specifically refute Dr. Liebowitz'[s] opinion regarding [Plaintiff's] ability to do work-related activities because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the other substantial evidence of record. [Plaintiff] has established through her own statements that she has more ability than Dr. Liebowitz indicated. In addition, the state agency medical consultants opined that [Plaintiff] has the [RFC] to perform light work (Exhibits l7F and 20F). The undersigned has properly considered all the evidence and has evaluated the medical source opinions of record from treating source, Dr. Liebowitz, and finds that even if it is found that the Physical [RFC] Assessment that was completed by Dr. Liebowitz should be given more weight, there is still no evidence to substantiate a finding that [Plaintiff] is disabled.
>
> Although the undersigned does not accept Dr. Liebowitz['s] opinion regarding the amount of time [Plaintiff] is capable of standing/walking/sitting in an 8[-]hour work day because it is not consistent with the other medical evidence of record and it is not supported by medically acceptable clinical and laboratory diagnostic techniques[,] the above [RFC] takes Dr. Liebowitz's Assessment under consideration. The additional postural limitations that were included in Dr. Liebowitz's assessment have been considered. There is no evidence that supports a finding that [Plaintiff] is so limited that she is unable to stand/walk at all, but can stand/walk for a total of 2 hours, cannot sit longer than 1 hour at a time, but can sit for up to 4 hours total in an 8[-]hour work day as Dr. Liebowitz indicated. Dr. Liebowitz did not base this on any medically acceptable clinical or laboratory diagnostic techniques, and he did not account for the other 2 hours in the work day.

Tr. 809. Accordingly, although Dr. Kline opined Plaintiff has no postural, manipulative, visual, communicative or environmental limitations, the ALJ included the following RFC limitations in her decision:

> She is to perform no crawling, no crouching and no climbing of ladders/ropes/scaffolds. [Plaintiff] is to perform no constant fine bilateral manipulations with bilateral upper extremities, however, frequent, occasional and gross manipulations remain intact.

Tr. 365-67, 805.

Plaintiff argues the ALJ erred in assessing Dr. Liebowitz's opinion and according greater weight to the opinions of state agency medical consultants than that of Dr. Liebowitz.[8] Doc. 21 at 13-15. The Commissioner responds the ALJ appropriately accorded little weight to Dr. Liebowitz's opinion and substantial weight to the opinion of Dr. Kline. Doc. 28 at 16-20.

The Court first finds the ALJ was not required to accord any weight to Dr. Liebowitz's RFC assessment. Tr. 392-93. The Eleventh Circuit has held that "[a] claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012). The regulations also provide that the Commissioner "will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." 20 C.F.R. § 404.1527(d)(2); *see* SSR 96-6p, 1996 WL 374180 (July 2, 1996).

Furthermore, the ALJ "may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (citation omitted). Accordingly, an ALJ may accord less than substantial weight to a treating physician's opinion, if good cause is shown. *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Here, the ALJ found

---

[8] Plaintiff also argues the ALJ improperly assigned weight to the opinion of a single decision-maker ("SDM"). Doc. 21 at 14-15. The Court will not address this argument because Plaintiff concedes this "does not necessarily constitute harmful error in and of itself." *Id.* at 15. Furthermore, although the ALJ considered the SDM's opinion, she accorded significant weight to "the state agency medical consultant's [RFC] assessment" only. Tr. 812.

appropriate good cause to accorded little weight to Dr. Liebowitz's opinion by finding the opinion is not well-supported by medically acceptable sources and is inconsistent with other substantial evidence of record. Tr. 809; *see Winschel,* 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241); *Sharfarz*, 825 F.2d at 280.

In addition, the Court finds the ALJ properly gave more weight to the opinion of Dr. Kline than that of Dr. Liebowitz because the ALJ clearly articulated the weight given to various sources and explained the record as a whole supports the state agency medical consultant's RFC assessment. SSR 96-6p, 1996 WL 374180 (July 2, 1996); *Forrester v. Comm'r of Soc. Sec.,* 455 F. App'x 899, 902-93 (11th Cir. 2012) (holding the ALJ properly credited the opinions of non-treating sources over a treating one because the ALJ explained the weight it gave to various medical opinions and clearly articulated his reasons for doing so). In making her RFC findings, the ALJ analyzed Plaintiff's extensive medical record, including her physical exams and medical assessments of her neck and back issues. Tr. 806-11. After her extensive analysis, the ALJ concluded, "[i]t is evident from the record that [Plaintiff] is capable of performing work-related activities as consistent with the above-established [RFC] with latitude afforded by the undersigned to do light and sedentary work as inclusive within this RFC." Tr. 812. Thus, the Court finds the ALJ properly accorded little weight to the RFC assessment of Dr. Liebowitz.

> c. *Whether substantial evidence supports the ALJ's assessment of Plaintiff's credibility*

The ALJ found "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's]

statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible to the extent that all work is precluded." Tr. 806. After discussing Plaintiff's medical evidence at length, the ALJ determined "[w]hile [Plaintiff] has alleged multiple complaints, the objective evidence does not support limitations to the extent alleged." Tr. 808. The ALJ further noted "[Plaintiff's] subjective pain complaints are not fully credible and the record supports this inconsistency of subjective complaints versus objective findings on examination as comprehensively discuss[ed] in the body of this decision. The objective findings on examination support good motor strength, intact neurological findings and no evidence of atrophy." Tr. 812.

Plaintiff argues the ALJ improperly considered her age and work prospects in assessing her credibility, and substantial evidence does not support the ALJ's evaluation of her pain complaints. Doc. 21 at 15-18. The Commissioner responds the ALJ properly assessed Plaintiff's credibility. Doc. 28 at 20-24.

The Eleventh Circuit long has recognized that "credibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (internal citations omitted). "The question is not . . . whether the ALJ could have reasonably credited [a claimant's] testimony, but

whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). "A clearly articulated credibility finding with supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Here, based on the requirements of the regulations, the ALJ considered Plaintiff's symptoms and the extent to which the symptoms reasonably can be accepted as consistent with the objective medical and other evidence. Tr. 806-12; *see* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). After her extensive consideration of Plaintiff's medical evidence, the ALJ articulated her reasons for discrediting Plaintiff's complaints because "[t]he objective findings on examination support good motor strength, intact neurological findings and no evidence of atrophy." Tr. 812. The ALJ's discussion of Plaintiff's unremarkable objective medical findings, such as that Plaintiff's straight leg raise "was negative bilaterally and she was grossly neurologically intact," supports the ALJ's credibility findings. Tr. 810; *see Gibson v. Heckler*, 779 F.2d 619, 623-24 (11th Cir. 1986) ("The ALJ must necessarily review the medical evidence and make a credibility determination in assessing the claimant's disability on the basis of pain."). The ALJ's remark regarding Plaintiff's age was not a factor in her credibility assessment but a relevant vocational factor that the ALJ believed would help Plaintiff seek a job. Tr. 812 ("It further bears noting that [Plaintiff's] young age under age 50 is a favorable vocational factor."). Accordingly, the Court finds the ALJ clearly articulated her credibility findings, and substantial evidence supports them. *See Foote*, 67 F.3d at 1562; *Werner*, 421 F. App'x at 939.

## V. Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff was not disabled from February 1, 2006 to June 26, 2015 is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record